FILED

APR 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LENNIE AMES,

Defendant - Appellant.

No. 10-30283

D.C. No. 3:09-cr-00478-MO-1

MEMORANDUM[*]

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARED FOURNIER,

Defendant - Appellant.

No. 10-30285

D.C. No. 3:09-cr-00478-MO-2

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 15, 2011
Portland, Oregon

Before: FISHER, PAEZ and CLIFTON, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Lennie Ames and Jared Fournier appeal their convictions, following a bench trial, for unlawfully maintaining, occupying and using a residence on National Forest System lands in violation of 36 C.F.R. § 261.10(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. For the reasons discussed in a concurrently filed opinion in *United States v. Backlund*, No. 10-30264, and *United States v. Everist*, No. 10-30289, the United States Forest Service may regulate residential occupancy of bona fide mining claims within the national forests. Mere ownership of an unpatented mining claim does not automatically entitle the owner to reside permanently on National Forest System lands. Section 261.10(b) is consistent with the mining laws and not unconstitutionally vague. Nor is the rule of lenity applicable here.

2. The district court's grant of the government's motion in limine, which precluded Ames and Fournier from challenging the Forest Service's determination that their residences were not reasonably incident to a mining operation, did not violate their due process rights. Like the defendant in *Everist*, Ames and Fournier were not entitled to judicial review of the Forest Service decision because they did not exhaust their administrative remedies as required by the Administrative Procedure Act. *See United States v. Doremus*, 888 F.2d 630, 633 (9th Cir. 1989).

*United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), on which Ames and Fournier rely, is inapposite because they had, but did not pursue, the very opportunity for judicial review that the defendants in *Mendoza-Lopez* were wrongfully denied.

3.  The evidence was sufficient to convict Ames and Fournier of violating 36 C.F.R. § 261.10(b).  The Forest Service determined that Ames' and Fournier's residences were not reasonably incident to a mining operation.  Thus, residential use of their claim was not authorized by the mining laws and regulations.  *See United States v. Nogueira*, 403 F.2d 816, 825 (9th Cir. 1968) (explaining that permanent residence not reasonably related to mining is not authorized under the mining statute); *United States v. Richardson*, 599 F.2d 290, 295 (9th Cir. 1979) (providing that the Forest Service may prohibit uses not reasonably necessary to mining).  Rather, under these circumstances, their residencies constituted a special use under § 251.50(a), requiring special use authorization, which neither had.  *See* 36 C.F.R. § 251.50(a); 73 Fed. Reg. at 65,994 (noting that residency that is not reasonably necessary to mining operations "is not an operation for purposes of 36 CFR 228.3 which is authorized by the United States mining laws . . . [but rather] constitutes a special use").

**AFFIRMED.**

3